**UNITED STATES of America**

**v.**

**Frank PORTER, Appellant.**

**No. 08–2498.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 29, 2009.

Filed: July 7, 2009.

George S. Leone, Esq., Caroline A. Sadlowski, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Frank Porter, Trenton, NJ, pro se.

John H. Yauch, Esq., Office of Federal Public Defender, Newark, NJ, for Frank Porter.

Before: FISHER, CHAGARES, and COWEN, Circuit Judges.

### OPINION OF THE COURT

CHAGARES, Circuit Judge.

Counsel for Frank Porter has moved, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), for permission to withdraw as counsel in this case. For the reasons that follow, we will grant the motion and affirm Porter's conviction and sentence.[1]

---

1. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdic-   tion under 28 U.S.C. § 1291.

## I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

On October 17, 2001, Porter was sentenced to, *inter alia*, fifty-five months of imprisonment and three years supervised release. Porter began his term of supervised release on March 14, 2005. The Government filed a petition on January 12, 2006, alleging that Porter "violated the supervision condition [of his supervised release] which states 'You shall not commit another federal, state, or local crime.'" Appendix ("App.") 27 (emphasis omitted). Porter pleaded not guilty to the allegation, and a hearing was conducted on May 7, 2008. At the hearing, a probation officer testified that Porter engaged in new criminal conduct, thus violating the terms of his supervised release. In addition, the Government introduced a Judgment of Conviction from the Essex County Superior Court, New Jersey, reflecting a conviction for aggravated manslaughter in the first degree and unlawful possession of a weapon in the third degree. App. 9, 28.

At the conclusion of the hearing, the District Court found Porter guilty of violating the terms and conditions of his supervised release. The defense requested that the District Court sentence Porter to a term of imprisonment to run concurrent with his State of New Jersey prison term. The District Court declined to do so, and instead sentenced Porter to 24 months imprisonment—the statutory maximum custodial term—to run consecutive to the New Jersey sentence. Porter filed a timely notice of appeal on May 16, 2008.

## II.

Porter's counsel petitions this Court to withdraw as attorney of record, arguing that there are no non-frivolous issues that can be advanced on appeal. A copy of defense counsel's brief was furnished to Porter, and he was given thirty days to file a brief on his own behalf. Porter declined to do so.

Evaluation of an *Anders* brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous, and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). Where the *Anders* brief appears adequate on its face, and the appellant has not submitted a *pro se* brief, our review is limited to the portions of the record identified in the *Anders* brief. *See id.* at 301. We conclude that the brief in this case is adequate, and thus, it will guide our independent review of the record.

Porter's counsel combed through the record and identified several issues that could possibly be raised before us before concluding that they were all patently without merit. Likewise, our independent review of "those portions of the record identified by [the] *Anders* brief" reveals no non-frivolous issues Porter might profitably raise on appeal. *See id.* As Porter's counsel points out, the District Court complied with the directives of Federal Rules of Criminal Procedure 32.1(b)(2) and (c), and with 18 U.S.C. § 3583(c). Specifically, the District Court conducted a hearing and properly concluded, by at least a preponderance of the evidence, that Porter had violated a condition of his supervised release. The District Court then afforded Porter the opportunity to make a statement prior to the imposition of sentence, and considered counsel's arguments in favor of imposing a concurrent sentence. The District Court did not abuse its discretion in rejecting this request and in impos-

152

ing a consecutive sentence, and the ultimate sentence is reasonable.

Accordingly, we will grant counsel's motion and will affirm Porter's conviction and sentence.